## In re DODDY JOURDAN & CO.

(District Court, E. D. Pennsylvania. January 22, 1904.)

No. 1,798.

1. ACTS OF BANKRUPTCY—PETITION—PLEADING.

A petition in involuntary bankruptcy filed December 2, 1903, averred that two creditors of the defendants had been permitted to obtain a preference by the recovery of judgments, on which executions were issued, and levies made on the bankrupts' personal property, which they had failed to have vacated at least five days before the sale. The answer averred that the executions, under which a sale had been advertised for December 3d, were stayed on the morning of the 2d, before the petition in bankruptcy was filed, of which the petitioning creditor had several hours' notice, but that they had declared they would throw defendants into bankruptcy notwithstanding the stay. *Held*, that since, on a hearing on the petition and answer, the averments of the answer must be taken as true, the petition should be dismissed.

Motion to Dismiss Petition.

Harry C. Hochstadter, for petitioning creditors.
D. J. Callaghan, for alleged bankrupts.

J. B. McPHERSON, District Judge. The petition was filed at 4 o'clock in the afternoon of December 2, 1903. The act of bankruptcy is averred to be, suffering and permitting, while insolvent, a creditor to obtain a preference through legal proceedings, and not having, at least five days before the sale or final disposition of any property affected by such preference, vacated or discharged such preference: Act July 1, 1898, c. 541, § 3, subd. 3, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]. The petition declares that two creditors were thus preferred by being permitted to recover judgments, on which executions were issued, and levies made upon the bankrupts' personal property. The answer of the bankrupts avers that the executions, under which a sale had been advertised for December 3d, were stayed on the morning of December 2d, the day when the petition was filed, and that the petitioning creditor had several hours' notice of this fact, but had declared that he would throw the respondents into bankruptcy notwithstanding the stay. As the case was argued upon petition and answer, the averments of the answer must be taken to be true, and the petition must therefore be dismissed.